McKinney, J.,
delivered the opinion of the Court.
This was an injunction bill. The complainant alleges, in substance, that he agreed to confess judgment in favor of the defendants, before a justice, on certain notes executed by him payable to Mrs. Biggs; which agreement was written on the back of the notes. And pursuant to this agreement, judgments were accordingly entered up by the justice. Complainant further alleges, that it was expressly agreed at the time, that he “ should have the benefit of the lawful stay of eight months, without being required to give any securityand upon the faith that this latter stipulation would be observed, he consented to confess judgment. The bill further charges, that, as soon as the two days allowed for giving security for the stay of execution had expired, the defendants caused executions to be issued and placed in the hands of an officer, who was proceeding to enforce the same. It is further charged, that the purpose of defendants, in procuring the foregoing agreement to be made, was to deceive and defraud the complainant. The bill seeks to enjoin the executions until after the expiration of eight months from the rendition of the judgment.
At the appearance term, the defendants put in their answers, in which they expressly deny that any agreement whatever was made in regard to the stay of execution; and that the whole extent of the agreement made was, that complainant., should confess judgment. Mrs. Biggs, with whom the agreement was made, states, that the complainant endorsed the agreement on the back of the note, as follows: “I confess judgment on the within note, and claim a stay of eight *38 months.” She further states, that she cannot read, and that the endorsement was not read to her, and she had no knowledge that the words, in respect to a stay of execution, had keen added; and denies having assented to any such thing.
Upon filing the answers, a motion was entered to dissolve the injunction; and on the hearing, the Chancellor allowed the motion and dissolved the injunction, and also dismissed the bill.
It is argued for the complainant, that the Chancellor erred in dismissing the bill at the appearance term, and upon a motion to dissolve the injunction. We do not think so, in view of the whole case. It is obvious there is no equity in the complainant’s favor. If he were able to prove a verbal agreement, that “ he was to have the benefit of a stay of eight months, without security,” such proof would avail him nothing, in the face of the written memorandum"; the evidence would not be admissible, because contradictory of the writing. The “ claim of a stay of eight months,” all other objections aside, cannot be understood to imply, that security was to be dispensed with; the contrary would be the legal implication. But, again: the objection that this, agreement, if valid in other respects, was made with the wife, in the absence and without the knowledge of her husband, in whom the legal interest was, would perhaps be a sufficient defence to the bill.
It is clear, therefore, that there is no substantial error in the decree or proceedings in this cause. If it were admitted that the cause was prematurely heard and the bill dismissed; to remand the cause, for that reason, could have no other effect than to produce delay and increase costs.
Decree affirmed.